IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE

| | |
|---|---|
| ROBERT DONALDSON, ) | |
| ) | |
| Pro Se Plaintiff, ) | |
| ) | Case No. 3:09-CV-00619 |
| v. ) | Judge Nixon/Brown |
| ) | |
| COUNTRYWIDE BANK, et al, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Presently pending before the Magistrate Judge is the Defendant BAC Home Loans Servicing, L.P.'s ("Defendant" or "BAC") Motion for a More Definite Statement. (DE 7). Also pending is the Defendant's Motion for a Protective Order to stay discovery. (DE 8). To date, the Plaintiff has not responded. For the reasons stated below, the undersigned finds that the Defendants' motions are **granted**. Plaintiff has **fourteen (14)** days from the entry date of this order to file a proper complaint, as detailed below.

"Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Erickson v. Pardus*, 550 U.S. 89, 555 (2007). Further, Local Rule 7.03 provides that pleadings should, among other things, be consecutively numbered at the bottom of each

1

page.

Federal Rule of Civil Procedure 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definitive statement before interposing a responsive pleading."

Upon review of the record, the Magistrate Judge finds that Plaintiff, who is proceeding *pro se*, initially made a 139 page unnumbered filing, including a complaint, a "sworn denial" in response to a foreclosure and/or collection activity, a series of 35 questions entitled "affiant's questions for claimant to respond as stipulated by law" as well as another section with 35 questions entitled "questions one might ask the bank in an interrogatory," Plaintiff's request for admissions and depositions, and a memorandum of law in support of Plaintiff's petition, which includes copies of orders from other jurisdictions and a history of the banking process.

In short, the Plaintiff's pleadings in this matter are impossible to follow. It is unclear to the Magistrate Judge what the alleged causes of action are, except that they are somehow related to the Defendant and a home loan. Therefore, the Defendant's motion for a more definite statement is GRANTED. Plaintiff is directed to file a complaint that complies with Federal Rule of Civil Procedure 8 and Local Rule 7.03 within fourteen (14) days. Until such time as a proper complaint is filed, the Defendant's motion for a protective order is also GRANTED.

If Plaintiff fails to file a proper complaint within fourteen (14) days as directed, the Plaintiff is warned that this case may be subject to dismissal for failure to state a claim and/or for failure to comply with a Court order. *Tetro v. Elliott Pophim Pontiac, Oldmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988 (6th Cir. 1999). See also *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555-556 (2007).

ENTERED this 6th day of August, 2009.

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge

3