IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT DONALDSON,                          )
                                           )
          Plaintiff                        )
                                           )
v.                                         )
                                           )   No. 3:09-0619
BAC HOME LOANS SERVICE, L.P.,              )   Judge Nixon/Brown
improperly named as Countrywide            )   **Jury Demand**
Bank, formerly known as                    )
Countrywide Home Loans                     )
Servicing, L.P. and                        )
JOHN DOES 1-100,                           )
                                           )
          Defendants                       )

**TO:  The Honorable John T. Nixon**

<u>**REPORT AND RECOMMENDATION**</u>

          Presently pending are two motions by the Plaintiff.  The

first motion (Docket Entry 12) is a motion to remand.  The second

(Docket Entry 16) is an amended petition for injunctive and other

relief and for the Court to compel Defendants to produce and comply

with Plaintiff's demand.  For reasons stated below, the Magistrate

Judge recommends that both of these motions be denied.

**Background**

     This case started when the Defendants removed the matter from

Circuit Court (Docket Entry 1).  The original complaint, which is

attached as **Exhibit A** is 3/4 inch thick and consists of several

hundred pages of legal pleadings and other documents which are

essentially incomprehensible. After the matter was referred to the

undersigned for case management (Docket Entry 5), it was set for a

case management conference on August 31, 2009. Prior to the conference the Defendants made a motion for a more definite statement, which was granted and the Plaintiff was directed to file a more definite statement in compliance with Federal Rules of Civil Procedure 8 and Local Rule 7.03 (Docket Entry 11). The Plaintiff then filed a motion to remand (Docket Entry 12) and an amended petition (Docket Entry 16). The amended petition requested various injunctive relief and for the Court to compel the Defendants to comply with Plaintiff's demand and effectively stop all proceedings against him. Unfortunately, the amended petition does little to sort out the true nature of the Plaintiff's complaint, except that he wants a copy of his loan file.

A telephone conference was then held in the matter on August 27, 2009. At the conference, counsel for the Defendants advised that she expected to have the Defendants' entire loan file available and would provide the Plaintiff with a copy of this loan file. She further advised that action would not be taken on foreclosure without notice to the Plaintiff and the Court. She advised that once she had the file and an opportunity to discuss the matter with the Plaintiff, that some arrangements could be made in the matter. The Magistrate Judge at this time pointed out to the Plaintiff that his first complaint had a great deal of irrelevant material and was extremely difficult to understand. The Magistrate Judge advised the Plaintiff that after he had an

2

opportunity to review his loan file, he could dismiss his lawsuit if he believed that his request for information had been satisfied, or that if he believed there were irregularities in the file, he could then file an amended complaint which would set out in a much clearer fashion the jurisdiction of the court and exactly what his complaint was and the specific relief he sought.

The Magistrate Judge thus withheld any ruling on Docket Entries 12 and 16 pending the Plaintiff being furnished the file and the parties discussing the matter. A subsequent case management conference was set for October 26, 2009, to check on the status of the case.

At the telephone conference on October 26th, it was determined that the Plaintiff had received his loan file on or about September 9, 2009. However, he advised that he had not had a chance to study it thoroughly and he further advised that he had received letters from another law firm scheduling a foreclosure sale of his property. Counsel for Defendants advised that she would check on this matter inasmuch as BAC's legal department had placed a hold on forclosure proceedings.

During the telephone conference Plaintiff advised that he had just filed a motion attaching the letter concerning foreclosure with the Clerk's office.

Following the telephone conference the Magistrate Judge was able to locate what Plaintiff had filed. The Clerk's office

3

advised that these materials were filed approximately five minutes before the telephone conference was scheduled to start. The pleading (Docket Entry 21) is styled as a Motion to Continue the Case Management Conference[1]. **Exhibit B** to this filing is a letter from Wilson & Associates, Attorneys-at-Law, advising Plaintiff that they are scheduling the subject property for foreclosure sale at 10:00 a.m. on November 18, 2009.

### Legal Discussion

The Plaintiff's motion for remand is premised on the theory that Plaintiff filed the case in state court and that his complaint alleges violation of state statutes and that state statute provide that he may institute his action in state court.

The Defendants, in their response (Docket Entry 15), point out that the Plaintiff does not dispute that he has alleged violation of federal law. He alleges violations of the Fair Debt Collection Practices Act along with Admiralty Law, the UCC and the U.S. Constitution. To the extent the Plaintiff alleges state law claims the Court has the right to exercise supplementary jurisdiction over them pursuant to 28 U.S.C.§ 1367. No particular bars under 28 U.S.C. § 1367(c) appear to prevent this Court

---

[1]Plaintiff is cautioned that filing a motion to continue five minutes before a scheduled conference is not acceptable. In this case there was no harm as the plaintiff participated in the conference. The Magistrate Judge will deal with the motion to reschedule the case management conference (Docket Entry 21) by separate order and set a new deadline for the Plaintiff to file a proper complaint.

exercising supplemental jurisdiction. The Magistrate Judge believes that the case law is quite clear that the Defendant is entitled to remove under 28 U.S.C. § 1331, 1441(b), and 1446(b).

Although the original complaint is almost undecipherable, it does appear to be attempting to raise questions of federal law and the Court has jurisdiction over federal claims and may exercise supplemental jurisdiction over state law claims. From the Plaintiff's motion to remand itself, at paragraph 5 he appears to admit that he is bringing federal as well as state claims.

Under these circumstances, the Magistrate Judge can only conclude that the motion to remand is not well taken and should be denied.

Turning now to the Plaintiff's amended petition (Docket Entry 16), the Magistrate Judge also believes that this motion should be denied. The Defendant is essentially asking for injunctive relief which would stop any and all of the Defendants' collection activities against the Plaintiff and to compel the Defendants to disclose in accordance with Plaintiff's request for a lawful validation of the debt or to give the Plaintiff a full deed of relief.

As an initial matter, the Defendant has agreed not to take foreclosure action pending further orders of the Court. At the telephone conference, they advised that they would check into

the foreclosure notice that was brought to their attention during the telephone conference.

The major problem that both the Defendants and the Court have is that it is still almost impossible to determine what the Plaintiff's complaint is.  Unfortunately, the amended pleading contained in Docket Entry 16 did little to correct the deficiencies of the original complaint and certainly did not comply with the Court's order that the Plaintiff file a proper complaint.  At the original case management conference the Magistrate Judge stressed to the Plaintiff the need to file a complaint that did not include extraneous material.  Given the state of the complaint, the Magistrate Judge can find no basis whatever that the Plaintiff should be granted an injunction at this point in the proceedings, given the Defendants' commitment not to institute foreclosure proceedings without notice to the Court and Plaintiff.

It appears to the Magistrate Judge that the foreclosure letter is undoubtedly an error.  Should the Defendants contend that a foreclosure sale will take place as referenced in the letter, then they must immediately notify the Court so that the Court can schedule a further hearing on the matter.  The Magistrate Judge would note that during the course of the telephone conference the Defendants stated that they had mailed Plaintiff's loan file to him around September 9[th,] and the Plaintiff advised that he had received it.  The Plaintiff is not entitled to an unlimited amount of time

6

to file a complaint which complies with the Federal Rules of Civil Procedure. Failure to do so can result in a dismissal of the case.

## Recommendation

For the reasons stated above, the Magistrate Judge recommends that the motion to remand (Docket Entry 12)and the motion for injunctive relief (Docket Entry 16)be denied.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has 10 days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have 10 days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within 10 days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 2nd day of November, 2009.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

7