UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
ROBERT DONALDSON,              )
                               )
      Plaintiff,               )
                               )
   v.                          )   NO. 3:09-0619
                               )   Judge Trauger/Brown
BAC HOME LOANS SERVICING, L.P.,)   **Jury Demand**
et al.,                        )
                               )
      Defendants.              )
```

**O R D E R**

The plaintiff filed a Motion for Contempt (Docket Entry No. 22) contending that the defendants had violated an agreement with the Court not to undertake foreclosure matters in this case without notifying the Court.

This matter was first brought to the attention of the Magistrate Judge on August 27, 2009, during a case management conference when the plaintiff advised the Court of a letter indicating that foreclosure efforts would be undertaken. The defendants have now responded to the plaintiff's motion (Docket Entry No. 27) and has explained that this was a case of the right hand not knowing exactly what the left hand was doing and agreeing not to undertake foreclosure procedures until after the next case management conference on December 14, 2009.

The Magistrate Judge would note that the defendants do point out that apparently Mr. Donaldson has not responded to their letters or contacted them about any of the options discussed to avoid foreclosure. They also point out that he has made no

payments on the loan.

Mr. Donaldson is cautioned that particularly in view of his failure to file a comprehensible pleading which complies with Rule 8 of the Federal Rules of Civil Procedure that the defendants will not be requested to withhold foreclosure efforts indefinitely. In considering whether a preliminary injunction should issue in any case, the District Judge must consider four factors. (1) Whether the movant is likely to prevail on the merits; (2) whether the movant would suffer irreparable harm if the court does not grant the injunction; (3) whether a preliminary injunction would cause substantial harm to others; and (4) whether a preliminary injunction would be in the public interest. Glover v. Johnson, 855 F.2d 277, 282 (6th Cir. 1988). The issuance of a preliminary injunction is entrusted to the district court's sound discretion. Samuel v. Herrick Memorial Hospital, 201 F.3d 830 (6th Cir. 2000).

Absent a coherent complaint which sets forth some likelihood of success, it is unlikely that a preliminary injunction would issue in this case. While foreclosure would certainly be a hardship on the plaintiff, the holder of a mortgage cannot be prevented from foreclosure indefinitely when there is no showing that the property is being properly cared for or there is a likelihood that required mortgage payments can be made if, in fact, the mortgage appears valid.

These are all matters that will be discussed at the upcoming December 14, 2009, case management conference at 1:30 p.m.

2

in Courtroom 783, U.S. Courthouse, 801 Broadway, Nashville, Tennessee.

The plaintiff is specifically cautioned that failure to have a coherent amended complaint filed by **November 20, 2009**, as directed in the Court's previous order (Docket Entry No. 23), can have serious consequences to the viability of his case and to any continued request that the defendants withhold foreclosure procedures.

It is so **ORDERED**.

s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge