UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT DONALDSON,              )
                               )
        Plaintiff,             )
                               )
     v.                        )    NO. 3:09-0619
                               )    Judge Nixon/Brown
BAC HOME LOANS SERVICING, L.P.,)    **Jury Demand**
                               )
        Defendant.             )

## O R D E R

Presently pending is the plaintiff's motion for discovery (Docket Entry No. 52) to which the defendant has responded (Docket Entry No. 56). This motion is **DENIED**. The defendant in its response has provided the declaration of Jacqui Whitney (Docket Entry No. 57) in which she states that the original ("blue ink") is in the possession of BAC at their Los Angeles office and they have attached to Docket Entry No. 57 as exhibits A and B true copies of those documents.

For the purpose of the pleadings so far in this matter, this appears sufficient. See Ingram v. Earthman, 993 S.W.2d 611, 631 (Tenn. Ct. App. 1998). The plaintiff has filed his lawsuit and bears the burden of proof if he wishes to show that this note is not genuine.

In denying the motion the Magistrate Judge would note, however, that contrary to the defendant's response the plaintiff is not requesting that BAC turn over its original collateral documents to the plaintiff. The plaintiff simply requested that the document be produced. This could have easily been accomplished by having the documents in question sent to a local office by secure means and allowing the plaintiff to examine the document there. Stating

that the document would be available to the plaintiff in Los Angeles would not be a reasonable requirement if the original document were actually required.

Nevertheless, the plaintiff now has a certified true copy of the document and as plaintiff he bears a burden to show some evidence that the documents are not genuine.

The Magistrate Judge is concerned that the record appears to show that although making regular payments for a year to BAC the plaintiff then stopped and has made no payments for over a year. This quite frankly leaves the impression that the plaintiff is grasping at straws to avoid paying this debt or to avoid having the defendant foreclose on this property. Unfortunately, the defendant avoided a simple solution to this matter by taking so long to locate the original documents.

This case is under a scheduling order (Docket Entry No. 36). Additionally, as the Magistrate Judge has pointed out previously (Docket Entry No. 44) the defendant is under no obligation to continue forbearance on foreclosure proceedings as a result of this lawsuit.

It is so **ORDERED**.

                                        s/ Joe B. Brown
                                        JOE B. BROWN
                                        United States Magistrate Judge