IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT DONALDSON, )
)
    Plaintiff, )
) Case No. 3:09-cv-00619
v. ) Judge Nixon/Brown
)
BAC HOME LOANS SERVICING, )
L.P.; JOHN DOES 1-100, ) **Jury Demand**
)
    Defendants. )

To:    The Honorable John T. Nixon, Senior Judge

### REPORT AND RECOMMENDATION

Presently pending before the Magistrate Judge is Defendant BAC Home Loans Servicing's Motion for Summary Judgment. (Docket Entry 99). Defendant has also filed a Memorandum, a Statement of Undisputed Facts, and one Declaration in support of its Motion. (Docket Entries 100, 101, 57). Defendant has also filed a Reply. (Docket Entry 107). Plaintiff has filed a Response. (Docket Entry 105). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** that Defendant's Motion be **GRANTED** and this case be **DISMISSED**.

### I. INTRODUCTION

The agreement at the heart of this case is a mortgage Plaintiff entered into with Just Mortgage, which was later assigned to Countrywide Home Loans, predecessor-in-interest to Defendant. Plaintiff filed his *pro se* case in Circuit Court for Davidson County, alleging claims

1

for breach of contract, fraud, and unjust enrichment against Defendant.[1]  (Docket Entries 1, 30). Defendant removed this action to federal court on the basis of federal question jurisdiction, as Plaintiff apparently invoked the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* and other federal statutes in his original complaint.  (Docket Entry 1).  Plaintiff amended his complaint on November 20, 2009.  (Docket Entry 30).

## II.  BACKGROUND

Defendant has filed a Statement of Undisputed Facts, to which Plaintiff has failed to file a formal response.  (Docket Entry 101).  Plaintiff has, however, disputed some of the facts as stated by Defendant in his Response to the Motion.  After reviewing the parties' submissions, including exhibits, the following facts are not in dispute.

On or about December 20, 2007, Plaintiff entered into an agreement with Just Mortgage in the amount of $138,000 that was secured by the Deed of Trust on property described as 1213 Tremont Avenue, Nashville, Tennessee 37212.  (Docket Entries 30, 101).  Plaintiff signed the Note and initialed each page of the document.  (Docket Entry 57-1).  Plaintiff signed the Deed of Trust and initialed each page of the document.  (Docket Entry 57-2).  On September 1, 2010, BAC produced the "blue ink" original documents of the Deed of Trust and Allonge to Note, and Plaintiff examined these documents in the office of BAC's counsel.  (Docket Entry 101, 110-1). Pursuant to the terms of the Note, if Plaintiff fails to pay the full amount of each monthly payment on the date it becomes due, then Plaintiff is in default of the loan.  (Docket Entry 57-1).

---

[1] For purposes of this Report and Recommendation, "Defendant" refers to BAC Home Loans Servicing, L.P.

On or about December 20, 2007, Just Mortgage and Countrywide Bank, FSB entered into an Allonge to Note that transferred and assigned Plaintiff's loan to Countrywide, predecessor-in-interest to BAC. (Docket Entry 57-1). Plaintiff received notice of this assignment. (Docket Entry 30). Plaintiff made payments on the loan from February 2008 through February 2009. (Docket Entry 57). Plaintiff has not made a payment since February 6, 2009.[2] *Id*.

Plaintiff and Defendant disagree as to whether Defendant produced the blue ink original copy of Plaintiff's Note and Federal Truth in Lending Statement. (Docket Entry 101, 110-1). Plaintiff claims, through the affidavit of his handwriting expert, Dianne Peterson, that he was provided a certified copy of the original Note and was not shown the Truth in Lending Statement. (Docket Entry 110-1).

### III. LEGAL DISCUSSION

#### A. Standard of Review

Summary judgment is appropriate if there is "no genuine dispute as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The main inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After sufficient time for discovery and upon motion, Fed. R. Civ. P. 56(c) mandates summary judgment against a party who fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on

---

[2] While Defendant argues that Plaintiff has interfered with the foreclosure process by filing this lawsuit, the Magistrate Judge lifted the stay of foreclosure as of February 1, 2010. (Docket Entry 44).

which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

When deciding a motion for summary judgment, the court must review the evidence and draw all reasonable inferences in favor of the non-moving party. *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006). In order to survive summary judgment, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250; Fed. R. Civ. P. 56(e). Thus, even if the nonmovant produces some evidence, the production will not be sufficient to defeat summary judgment so long as no reasonable jury could reach a finding on that issue in favor of the non-moving party. *Anderson*, 477 U.S. at 248. In other words, the nonmovant must produce supporting factual evidence that is not "so conclusively contradicted by the record that no reasonable jury could believe it." *Chappell v. City of Cleveland*, 585 F.3d 901, 906 (6th Cir. 2009).

**B. Analysis**

Plaintiff cites an affidavit from a non-party supporting his claim that Defendant did not produce the "blue ink" original of the Note or the original Truth in Lending Statement on the one occasion Plaintiff was allowed to review the loan file. (Docket Entry 110-1).[3] In its Statement of Undisputed Facts, Defendant states that it has, in fact, allowed Plaintiff to examine these

---

[3] While Plaintiff did not comply with Local Rule 56.01(g) in responding to Defendant's statement of undisputed facts, the Magistrate Judge believes Plaintiff did respond to Defendant's statement in a comprehensible manner and is loathe to recommend summary judgment based solely on the format of Plaintiff's response.

4

documents.[4] As this is the only real fact in dispute, the Magistrate Judge must determine whether this fact has any actual impact on Plaintiff's case.

In his Amended Complaint, Plaintiff alleges three causes of action: breach of contract, unjust enrichment, and fraud.[5] (Docket Entry 30). The question is, therefore, whether Defendant's failure to produce the original Note and Truth in Lending Statement is material to Plaintiff's claims.

The Magistrate Judge does not believe this failure would prohibit dismissal of Plaintiff's breach of contract or unjust enrichment claims. Plaintiff has admitted he entered into a contract with Just Mortgage whereby he was obligated to make payments on a loan. (Docket Entry 30). Plaintiff argues that Defendant breached the contract by failing to provide a loan and, therefore, was unjustly enriched by Plaintiff's $10,596 payment on a "bogus" loan. *Id*. The Magistrate Judge believes these claims are entitled to summary judgment in Defendant's favor. In spite of Defendant's failure to provide Plaintiff with original "blue ink" documents, Plaintiff has admitted the existence of the contract and has clearly benefitted from the contract by occupying

---

[4] Defendant does not specifically refer to the Truth in Lending Statement, but Defendant does state that Plaintiff has examined the original loan documents. (Docket Entry 101).

[5] In his original complaint and in his Motion to Amend, denied on March 1, 2011 as untimely, Plaintiff also includes claims for violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*., the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq*., and the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1600 *et seq*. (Docket Entries 1-1, 102). Unfortunately, Plaintiff's Amended Complaint, Docket Entry 30, superseded his original complaint and cannot be read to include those claims. *See Parks v. Fed. Exp. Corp.*, 1 F. App'x. 273, 277 (6th Cir. 2001) (noting that an amended complaint supersedes previous complaints "and cannot be used to repair defects in a subsequent complaint"). Plaintiff did not appeal the Magistrate Judge's denial of his Motion to Amend.

the property.  The Magistrate Judge believes no reasonable jury could agree with Plaintiff that Defendant breached the contract and was unjustly enriched by servicing Plaintiff's mortgage.

Plaintiff's fraud claim is somewhat more complex.  While he repeats his allegations that Defendant did not provide a loan for the purchase of a home, he also alleges Defendant misrepresented the terms of the loan and tricked Plaintiff into entering into the loan.  (Docket Entry 30).  Under Federal Rule of Civil Procedure 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake."  At a minimum, Plaintiff must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffeey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (quoting *Ballan v. Upjohn Co.*, 814 F. Supp. 1375, 1385 (W.D. Mich. 1992).

Here, Plaintiff has alleged that Defendant falsely stated it would provide a loan for the purchase of a home, that Plaintiff was not provided with a loan, and that Plaintiff was tricked by "deceitful measures" into "voluntary indebtedness."  (Docket Entry 30).  The Magistrate Judge believes no reasonable jury could believe Plaintiff's allegations in light of the evidence.  As noted above, Plaintiff signed and initialed the Note and admitted the existence of the contract.  Plaintiff has also occupied the property.  The Magistrate Judge does not understand how Plaintiff could have purchased the property without Defendant providing a loan as it promised to do in the Note and Deed of Trust.  Plaintiff's argument makes no logical sense.

The Magistrate Judge therefore believes Defendant is entitled to summary judgment on these three claims.  There is no genuine issue of material fact with regard to these claims.  While the Magistrate Judge is disappointed that Defendant has apparently never complied with the

6

Court's Order to produce the "blue ink" original of Plaintiff's Note, this fact alone is not sufficient to raise a genuine issue for the jury.

IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that Defendant's Motion for Summary Judgment be **GRANTED** and this case be **DISMISSED**.[6]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 17th day of May, 2011.

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge

---

[6] As the remaining defendants are John Does, and Plaintiff has not asserted additional claims against them or taken any action to effect service of process, the Magistrate Judge believes the entire action should be dismissed.

7