# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ROBERT DONALDSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BAC HOME LOANS SERVICING, L.P. )<br>f/k/a Countrywide Home Loans Servicing, )<br>L.P., and JOHN DOES 1-100, )<br>)<br>Defendants. ) | Case No. 3:09-cv-00619<br>Judge Nixon<br>Magistrate Judge Brown<br><br>JURY DEMAND |

## ORDER

Pending before the Court is Defendant BAC Home Loans Servicing, L.P.'s ("Defendant" or "BAC") Motion for Summary Judgment ("Defendant's Motion") (Doc. No. 99), filed with a supporting Memorandum (Doc. No. 100) and Statement of Undisputed Material Facts (Doc. No. 101). Plaintiff Robert Donaldson ("Plaintiff") filed an Answer and Affirmative Defense by Affidavit to Defendant's Motion (Doc. No. 105), and Defendant filed a Reply (Doc. No. 107). Magistrate Judge Joe Brown issued a Report and Recommendation ("Report") recommending that Defendant's Motion be granted and this case be dismissed. (Doc. No. 115.) Plaintiff filed Objections to the Report (Doc. No. 118), a Memorandum of Law in Support of his Objections (Doc. No. 119), and a Brief in Support of his Objections in the Form of a Formal Response (Doc. No. 120). For the reasons stated below, the Court **ADOPTS** the Report as modified herein and **GRANTS** Defendant's Motion.

1

## I. BACKGROUND

*A. Factual Background*

Plaintiff did not file a formal response to Defendant's Statement of Undisputed Material Facts. However, Plaintiff disputed some of the facts as stated by Defendant in his other relevant filings. After reviewing the filings, the Magistrate Judge found that the following facts as stated by Defendant (Doc. No. 101) are not in dispute, unless it is otherwise noted.

On or about December 20, 2007, Plaintiff obtained a loan with Just Mortgage, Inc. in the amount of $138,000 that was secured by the Deed of Trust on property described as 1213 Tremont Avenue, Nashville, Tennessee 37212. Plaintiff signed the Note and initialled each page. Plaintiff signed the Deed of Trust and initialled each page. Pursuant to the terms of the Note, if Plaintiff failed to pay the full amount of each monthly payment on the date it became due, Plaintiff would be in default of the loan. On the same day, Just Mortgage and Countrywide Home Loans ("Countrywide") entered into an Allonge to Note that transferred and assigned Plaintiff's loan to Countrywide, predecessor-in-interest to Defendant. Plaintiff received notice that his loan would be serviced by Countrywide. Plaintiff made payments on the loan from February of 2008 through February of 2009. Plaintiff has not made a payment since February 6, 2009.

On September 1, 2010, Defendant produced the original loan file that contained the original documents of the Deed of Trust and the Allonge to Note with Plaintiff's "blue ink" signature, and Plaintiff examined these documents in the office of Defendant's counsel along with Plaintiff's hired handwriting expert, Dianne Peterson. Plaintiff and Defendant disagree as to whether Defendant produced the original copy of the Note and Federal Truth in Lending Statement. Ms. Peterson provided a sworn Affidavit stating that at the meeting, she was given to

examine original documents of the Deed of Trust and Allonge to Note, and a "Certified to Be True Exact Copy of the Original" copy of the Note. (Doc. No. 110-1.) Ms. Peterson's Affidavit states that she was not provided the original documents of the Note or the Federal Truth in Lending Statement. (*Id.*)

*B. Procedural Background*

Plaintiff filed this action in the Chancery Court for Davidson County on April 22, 2009, against Countrywide Bank and John Does 1-100. (Doc. No. 1-1.) Defendant, as Countrywide's successor-in-interest, removed the action to federal court on the basis of federal-question jurisdiction. (Doc. No. 1.) Although Plaintiff's claims were unclear, Defendant concluded that Plaintiff invoked the United States Constitution, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and "a myriad of other federal statutes." (*Id.* at 2.) Plaintiff filed a Motion to Remand on August 6, 2009 (Doc. No. 12), which this Court subsequently denied (Doc. No. 33).

On July 14, 2009, Defendant filed a Motion for More Definite Statement. (Doc. No. 7.) The Court granted that Motion on August 6, 2009 (Doc. No. 11), and Plaintiff filed an Amended Complaint on November 20, 2009 (Doc. No. 30). The Amended Complaint alleges claims of breach of contract, money had and received, and fraud. (*Id.*) Plaintiff moved to further amend his Complaint on February 11, 2011 (Doc. No. 97), but Magistrate Judge Brown denied this request on March 1, 2011 (Doc. No. 102).[1]

---

[1] The Court notes that in Plaintiff's Objections to the Magistrate Judge's Report, he requests that the Court treat his filing docketed at Number 106 as an appeal of Magistrate Judge Brown's denial of his Motion to Amend, in which Plaintiff requested to file a second amended complaint adding federal causes of action. (Doc. No. 118 at 3.) Plaintiff avers that the filing was mislabeled and he "should not be held to such stringent standards as licensed attorneys." (*Id.*) However, Local Rule 72.02(b) states that motions for review of orders by magistrate judges must be filed within fourteen days after service of the order to which the objection is raised. Magistrate Judge Brown entered the relevant order on March 1, 2011, and a Certified Mail Return Receipt Card bearing Plaintiff's signature indicates that the order was delivered to him on March 2. Plaintiff did not file Docket Entry Number 106, labeled as a "Reply," until March 25, 2011, and did not call the Court's attention to his attempt to appeal Magistrate Judge

3

Defendant filed a Motion for Summary Judgment on February 28, 2011. (Doc. No. 99.) Defendant also filed a supporting Memorandum (Doc. No. 100) and a Statement of Undisputed Material Facts (Doc. No. 101). Plaintiff filed an Answer and Affirmative Defense by Affidavit to Defendant's Motion on March 25, 2011 (Doc. No. 105), and Defendant filed a Reply on April 7, 2011 (Doc. No. 107). Magistrate Judge Brown issued a Report and Recommendation on May 17, 2011, recommending that Defendant's Motion be granted and this case be dismissed. (Doc. No. 115.) On June 3, 2011, Plaintiff filed Objections to the Report (Doc. No. 118), a Memorandum of Law in Support of his Objections (Doc. No. 119), and a Brief in Support of his Objections in the Form of a Formal Response (Doc. No. 120).

## II. LEGAL STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must demonstrate that the non-moving party has failed to establish a necessary element of that party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment will be granted if "the evidence is so one-sided that one party must prevail as a matter of law." *Lexington-South Elkhorn Water Dist. v. City of Wilmore*, 93 F.3d 230, 233 (6th Cir. 1996). The movant has the initial burden of informing the district court of the basis of the summary judgment motion and identifying portions of the record which lack a genuine issue of material fact to support the non-movant's case. *See Celotex*, 477 U.S. at 323.

The non-moving party may not rest solely on the allegations in the complaint, but must delineate specific evidence that shows there is a genuine issue for trial. *See id.* at 324. A "mere

---

Brown's decision until he filed his Objections on June 3, 2011. Accordingly, even if the Court were to construe this filing as a motion, it would not be timely. Although the pleading standards for *pro se* plaintiffs are less stringent, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), the Court finds no authority that it should excuse such untimeliness simply because Plaintiff is proceeding *pro se*.

4

possibility" of a factual dispute is not sufficient to withstand a properly supported motion for summary judgment. *Baird v. NHP Mill Creek Apartments*, 94 F. App'x 328, 330-31 (6th Cir. 2004) (quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). The non-moving party must show more than "some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). Furthermore, a dispute about a material fact is genuine if a reasonable factfinder could find for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). If the court determines that a reasonable factfinder could not find for the non-moving party, summary judgment must be granted. *See Matsushita*, 475 U.S. at 249-50.

All reasonable inferences are to be drawn in favor of the non-moving party and the evidence of the non-movant is to be believed. *Id.* at 254. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . on a motion for summary judgment." *Id.*

### III. JURISDICTION

Upon reviewing Plaintiff's Amended Complaint, the Court noted in a previous Order that the Amended Complaint appeared to allege only state law causes of action, which would eliminate this Court's federal-question jurisdiction over this case. Accordingly, the Court ordered additional briefing from the parties on the issue of the Court's subject-matter jurisdiction to consider Defendant's Motion.

As the removing party, Defendant bears the burden of establishing subject-matter jurisdiction. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994). Defendant submits that the Court retains jurisdiction under 28 U.S.C. § 1332 based on the diversity of the parties. (Doc. No. 129 at 1.) Plaintiff's Amended Complaint states that he is a

resident of Tennessee. (Doc. No. 30 at 1.) Although the Amended Complaint alleges that Defendant is also a resident of Tennessee (Doc. No. 30 at 2), Defendant asserts that it is incorporated in Delaware with its principal place of business in North Carolina, creating complete diversity between Plaintiff and Defendant (Doc. No. 129 at 1-2). Defendant's claim is verified by the findings of several courts. *See Prost v. Bank of Am. Corp.*, No. 10-C-1856, 2010 WL 2610661, at *1 (N.D. Ill. June 25, 2010); *Bray v. Bank of Am. Corp.*, No. 1:09-cv-075, 2009 WL 4729013, at *1 (D.N.D. Dec. 2, 2009); *Hill v. Bank of Am. Corp.*, No. 1:06-CV-804GE, 2006 WL 1518874, at *1 (N.D. Ga. May 30, 2006). Further, Defendant states that as of July 1, 2011, it has merged into Bank of America, N.A., which has its principal place of business in North Carolina. (Doc. No. 129 at 2.) There exists, therefore, complete diversity of the parties.

Defendant also contends that the amount in controversy exceeds $75,000, as required by § 1332. (*Id.* at 2.) The removing party carries the burden of showing by a preponderance of the evidence that the amount-in-controversy requirement is satisfied. *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010); *Northrup Props., Inc. v. Chesapeake Appalachia, LLC*, 567 F.3d 767, 769-70 (6th Cir. 2009). In the prayer for relief in his Amended Complaint, Plaintiff seeks $10,596 in damages for breach of contract (the amount Plaintiff alleges he paid to Defendant in error), $20,000 in damages for fraud, and unspecified punitive damages. (Doc. No. 30 at 3.) However, Defendant argues that the amount in controversy is at least $138,000, the amount secured by the Deed of Trust on Plaintiff's home, because Plaintiff is actually seeking cancellation of his debt or rescission of his mortgage contract.

"Failure to adequately plead the amount in controversy requirement may be cured by the presence of 'clear allegations . . . that the case involve[s] a sum well in excess of the $75,000

minimum.'" *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (quoting *Cook v. Winfrey*, 141 F.3d 322, 326 (7th Cir. 1998)). Within the breach of contract claim, Plaintiff's Amended Complaint states that Plaintiff has made demands on Defendant for "eradication of any account associated with Plaintiff," but that Defendant refused to grant that request. (Doc. No. 30 ¶ 9.) Defendant also points to another of Plaintiff's filings, which states that "[t]he object of Plaintiff's action is to have the real property standing of record declared as titled in the name of the Plaintiff" and "to have all other alleged encumbrances and/or claims by any and all other parties to be removed from title of record to said property" (Doc. No. 68 at 2). Plaintiff also states in other filings that he does not owe a debt to Defendant in relation to a mortgage. (*E.g.* Doc No. 105 at 6; Doc. No. 118 at 2.)

The Court finds that Defendant has met its burden of establishing by a preponderance of the evidence that the amount-in-controversy requirement is satisfied. Given that Plaintiff is proceeding *pro se* in this litigation and taking the course of the litigation thus far into consideration, including all of Plaintiff's relevant filings, it is more likely than not that Plaintiff does, in fact, seek to eradicate the $138,000 debt that Defendant claims against him, although he does not specifically state this in the prayer for relief.

Additionally, punitive damages must be considered when determining the amount in controversy, unless it is apparent to a legal certainty that they cannot be recovered. *Hayes*, 266 F.3d at 572. Tennessee law allows punitive damages for tort claims involving fraud, *Lucius v. Bayside First Mortg., Inc.*, 43 F. Supp. 2d 868, 872 (W.D. Tenn. 1999) (citing 24 Tennessee Jurisprudence § 15 (1985)), and the Court finds no evidence within the pleadings that Plaintiff cannot recover punitive damages as a matter of law if his action is allowed to proceed. Therefore, even if the amount of the mortgage loan is not in controversy, it is not a legal

7

certainty that Plaintiff will not recover the deficient amount in punitive damages. The Court accordingly finds that it has jurisdiction based on the diversity of the parties to decide Defendant's Motion.

## IV. DEFENDANT'S MOTION

In the Report, Magistrate Judge Brown found that the only fact in dispute is whether Defendant failed to produce the original Note and Truth in Lending Statement related to Plaintiff's loan. (Doc. No. 115 at 4-5.) He then determined that this lone factual dispute does not create a genuine issue of fact as to any of Plaintiff's claims in order for the claims to survive summary judgment and recommended that Defendant's Motion be granted. (*Id.* at 5-6.) The Court will address each of Plaintiff's claims in turn, along with the Magistrate Judge's recommendations and Plaintiff's objections.

### A. Breach of Contract

The cause of action for breach of contract in Plaintiff's Amended Complaint contains primarily allegations of fraud rather than breach of contract. However, the Court believes that the basis of Plaintiff's breach of contract claim is embodied in his statement that Defendant "refused to perform in good faith [its] agreement to provide a loan." (Doc. No. 30 ¶ 7.) Defendant's Memorandum in support of its Motion does not seem to address the issue of whether it provided a mortgage loan to Plaintiff. Instead, Defendant proffers arguments regarding its status as the legal holder of the Note and its resulting entitlement to collect payments.[2] Magistrate Judge Brown found that Defendant is entitled to summary judgment because even if Defendant never produced the original copies of all of the relevant documents,

---

[2] After reviewing the filings, the Court believes that Defendant construes Plaintiff's allegation that it did not provide the loan to mean that Defendant itself did not provide the original loan and is not the legal holder of the Note, and therefore Defendant is not entitled to collect payment on it. The Court finds this to be a valid interpretation of Plaintiff's claim and will address it as part of a subsequent claim.

8

Plaintiff has admitted the existence of the contract and clearly benefitted from it by occupying the property. (Doc. No. 115 at 5-6.) The Magistrate Judge concluded that it "makes no logical sense" that Plaintiff could have purchased the property without Defendant providing the promised loan, and no reasonable jury could believe Plaintiff's allegations in light of the evidence. (*Id.* at 6.) The Court agrees with Magistrate Judge Brown's conclusion, with the following analysis.

To succeed on a claim for breach of contract under Tennessee law, a plaintiff must prove three elements: (1) the existence of a contract, (2) breach of the contract, and (3) damages resulting from the breach. *Life Ctrs. of Am., Inc. v. Charles Town Assoc. L.P.*, 79 F.3d 496, 514 (6th Cir. 1996). For this claim, then, Plaintiff must concede that a contract exists between Defendant and himself in order for Defendant to have unlawfully breached it. However, the Court agrees with Magistrate Judge Brown that Plaintiff has not met his burden of creating a genuine dispute of material fact as to a breach of a loan agreement by Defendant's failure to provide a loan.

Similar to Defendant's Memorandum in support of summary judgment, Plaintiff's Response does not seem to address his breach of contract allegation. Plaintiff's Objections to the Report do not delineate between his claims, but generally cite a previous order by Magistrate Judge Brown acknowledging disparities between copies of the loan documents that Plaintiff filed. Resolution of the discrepancies that Magistrate Judge Brown noted, however, would not create a genuine dispute as to whether Plaintiff received the contracted-for loan. The Court finds no other evidence in the record that would support such a claim. In opposing summary judgment, the non-moving party may not rest solely on the allegations in the complaint, but must delineate specific evidence that shows there is a genuine issue for trial. *See Celotex*, 477 U.S. at

324. The Court therefore **GRANTS** summary judgment on Plaintiff's breach of contract claim in favor of Defendant.

   B. *Unjust Enrichment*[3]

   Plaintiff also claims that Defendant has been unjustly enriched by his loan payments, totaling $10,596 on a "bogus loan." (Doc. No. 30 at 2-3.) Again, Magistrate Judge Brown recommended that this Court grant summary judgment because the only disputed fact that he identified – whether Defendant produced the original Note and Truth in Lending Statement – does not create a genuine dispute relating to Plaintiff's unjust enrichment claim. (Doc. No. 115 at 5.)

   The elements of an unjust enrichment claim are "(1) [a] benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof." *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005) (internal quotations omitted). Unjust enrichment is a quasi-contractual claim, used when no actual contract exists, and is "not a doctrine to be applied to contracts since unjust enrichment presupposes that one party has endowed another with a benefit without compensation." *Hayes v. Washburn*, No. M2006-01135-COA-R3-CV, 2007 WL 3202765, at *5 (Tenn. Ct. App. Oct. 31, 2007). Therefore, to succeed on a claim for unjust enrichment, there can be no valid and enforceable contract between the parties. *Id.*

   The Court has previously determined that Plaintiff has not created a genuine issue of material fact as to whether he was provided the loan for which he made payments over the

---

[3] Plaintiff's Amended Complaint brings a claim for money had and received. Under Tennessee law, the causes of action for money had and received and unjust enrichment are essentially the same, and Tennessee courts now evaluate both types of claims under the analysis for unjust enrichment. *See Bennett v. Visa U.S.A., Inc.*, 198 S.W.3d 747, 755 (Tenn. Ct. App. 2006).

course of a year. This appears to be the only compensation that Plaintiff alleges he should have received in exchange for his payments. Thus, it appears that Plaintiff's unjust enrichment claim must fail, because there is insufficient evidence that Defendant received the payments without providing him compensation in return. However, the Court will nonetheless address Plaintiff's various allegations that retaining his payments is unjust because Defendant does not hold the original Note and is not the legal holder of his mortgage, and is therefore not entitled to them. Defendant has presented lengthy arguments in opposition to these allegations.

1. Whether Defendant Holds the Original Note

First, Plaintiff argues that Defendant does not hold the original Note and is therefore not entitled to collect on it, making it unjust for Defendant to retain his payments. In support of this argument, Plaintiff has implied that the copies of the Note that Defendant has filed could be counterfeit and has also asserted that the fact that Defendant did not produce the original Note to him proves that it does not possess the Note.

Defendant has filed many copies of the relevant loan documents in support of its contention that it does, in fact, hold the original documents. Defendant previously filed black-and-white copies of the Note and Deed of Trust, and has now filed color copies of the documents with Plaintiff's blue-inked initials and signature (Doc. Nos. 124-1 & 124-3), attached to a Declaration by Defendant's counsel in which she avers under penalty of perjury that the filings are true and correct color copies of the original documents, which are in Defendant's possession (Doc. No. 124). Defendant also filed a Declaration by Jacqui Whitney, a paralegal for Defendant's Legal Department in California, in which she states under penalty of perjury that she has access to the file of documents related to Plaintiff's home loan and that she was in possession of the original Note and Deed of Trust executed by Plaintiff. (Doc. No. 57.) Ms.

Whitney attached copies of the Note and Deed of Trust, which she declared to be true and correct copies of the original documents. (*Id.*)

As evidence that the copies are disingenuous, Plaintiff presents the first page of two copies of the Note that were provided to him by Ms. Whitney and Defendant's counsel and alleges that they are not identical. (Doc. No. 61 at 3-4.) Plaintiff claims that the fact that Defendant is able to produce multiple copies of the alleged original documents "with different markings, endorsements, bar codes, signatures, and etc." is evidence that it does not possess any of the original documents. (*Id.* at 4.) The Court finds this argument to be meritless. Magistrate Judge Brown was unable to find any material differences between the copies of the Note (Doc. No. 63 at 2), and this Court is similarly unable to find any relevant disparities. One copy appears to be enlarged to a greater extent than the other, and one copy has a marking at the top stating that it is "certified to be true and exact copy of the original." The copies appear to be otherwise identical, including the date, address, loan amount, and Plaintiff's initials. The two differences that the Court has noted are likely due to the fact that one came directly from Ms. Whitney at Defendant's office in California and the other was produced through Defendant's counsel; in any case, the differences do not constitute sufficient evidence to create a genuine dispute of material fact as to whether Defendant holds the original Note.

Plaintiff has also argued that the fact that Defendant has purportedly failed to show him the original copy of the Note proves that Defendant does not possess it. Defendant argues, however, that it was not legally required to produce the original Note and would be entitled to summary judgment even if did not produce the original document, because Plaintiff waived his right of presentment. (Doc. No. 100 at 8.) The copies of the entire Note that have been filed before the Court, including the color copy with Plaintiff's blue-inked signature, state, "I and any

other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. 'Presentment' means the right to require the Note Holder to demand payment of amounts due." (Doc. No. 57-1 at 2; Doc. No. 124-3 at 2.)

The Tennessee Code defines "presentment" as "a demand made by or on behalf of a person entitled to enforce an instrument (1) to pay the instrument made to the drawee or a party obliged to pay the instrument." Tenn. Code Ann. § 47-3-501(a). Upon the request of the person to whom presentment is made, the person making presentment must exhibit the instrument. *Id.* § 47-3-501(b)(2). However, § 47-3-504(a) states that presentment for payment of an instrument is excused if "by the terms of the instrument presentment is not necessary to enforce the obligation of endorsers or the drawer" or "the drawer or endorse whose obligation is being enforced has waived presentment or otherwise has no reason to expect or right to require that the instrument be paid or accepted." In other words, Defendant is correct that it has no legal obligation to produce the Note or otherwise make a demand in order to enforce the Note, as Plaintiff waived any such requirement. The factual dispute as to whether Defendant produced the original Note to Plaintiff, therefore, is irrelevant to Plaintiff's unjust enrichment claim.

2. Whether the Note Was Properly Assigned

Plaintiff has also asserted that he does not owe a debt to Defendant because the Note was not properly assigned to Countrywide, Defendant's predecessor-in-interest, and it is therefore unjust for Defendant to retain his payments. The copies of the Note provided to the Court, including the color copy with Plaintiff's blue-inked signature, state that Just Mortgage, Inc. may transfer the Note. (Doc. Nos. 57-1 at 2; 61-4 at 2 & 4; 124-3 at 2.) Plaintiff has not challenged the Note's negotiability. Defendant's Memorandum in support of summary judgment references the documents attached to Ms. Whitney's Declaration (Doc. No. 57) as evidence of the legal

13

assignment, including an Allonge to Note, which Ms. Whitney declares under penalty of perjury to be a true and correct copy of the original. The Allonge to Note references the same loan number as the Note, the correct property address, and the correct amount of the loan. It is dated December 20, 2007, is made payable "without recourse" to "Countrywide Bank, FSB" from "Just Mortgage, Inc.," and bears a signature above the title "Assistant Vice President." Under the signature, the Allonge to Note also bears an additional endorsement that states, "Pay to the order of without recourse Countrywide Bank, FSB," with an additional signature above the title "Senior Vice President."

Again, Plaintiff's Objections to the Report reference a previous order of Magistrate Judge Brown, in which he acknowledged disparities between two copies of the Allonge to Note that Plaintiff filed (Doc. No. 63). Plaintiff presumably intends to argue that these disparities create a factual dispute as to whether the Allonge is legitimate, and, therefore, whether a valid assignment took place. However, Plaintiff does not dispute that he was allowed to inspect the actual Allonge at the office of Defendant's counsel on September 1, 2010, a month after Magistrate Judge Brown's order. Plaintiff's retained expert, as well as Plaintiff's second witness who attended the meeting, both stated in their respective Affidavits that such a document was presented for examination (Doc. Nos. 110-1 & 105-1), and neither Plaintiff nor his expert has disputed the authenticity of the Allonge that was produced. Thus, Magistrate Judge Brown's observations prior to the meeting do not create a genuine factual dispute.

In a Notice filed following the September 1 meeting, however, Plaintiff seems to dispute the form of the Allonge, claiming that the endorsement transferring Just Mortgage, Inc.'s interest in the Note should have been made on the face of the Note or that the Allonge should have been firmly affixed to the Note. (Doc. No. 67 at 1-2.) Defendant contends that the Allonge was, in

14

fact, affixed and made part of the Note when it was produced to Plaintiff at the meeting (Doc. No. 100 at 5), a fact that Defendant's counsel has also declared to be true under penalty of perjury (Doc. No. 124 at 2).

The Court finds that under Tennessee law, the fact that the Note itself was not endorsed does not preclude Defendant from having the right to enforce it. Although negotiation requires endorsement of the instrument, "[t]ransfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course." Tenn. Code Ann. § 47-3-203(b). An instrument is transferred when it is delivered "for the purpose of giving to the person receiving delivery the right to enforce the instrument." *Id.* § 47-3-203(a). Comment 1 to § 47-3-203 clarifies that "[t]he right to enforce an instrument and ownership of the instrument are two different concepts," and Comment 2 explains that "[i]f the transferee is not a holder because the transferor did not indorse, the transferee is nevertheless a person entitled to enforce the instrument."

In *Anderson v. Nelson*, the Tennessee Court of Appeals relied on a Comment to § 47-3-201, which contains the same language as § 47-3-203(b), to find that an intended transferee of an unendorsed promissory note could enforce the note. No. 02A01-9406-CV-00146, 1995 WL 495924, at *1 (Tenn. Ct. App. Aug. 21, 1995). Two plaintiffs brought suit to enforce a note that they had been assigned by the original holder, but the promissory note was not endorsed at the time of assignment. *Id.* The defendants argued that the promissory note was not properly assigned to the plaintiffs, and that the plaintiffs were therefore not the lawful owners of the note and could not enforce payment. *Id.* Specifically, the defendants argued that the plaintiffs could not enforce the note because it was not endorsed. *Id.* The court held that under the Tennessee

Code, the plaintiffs had obtained all of the rights of the original holder, including the right to enforce the note. *Id.* at *2.

Thus, even if Defendant is not the technical owner of the Note because there was not a valid endorsement, either on the face of the Note or through a valid allonge, Defendant would have the right to enforce the instrument as long as Countrywide, its predecessor-in-interest, obtained the Note through a valid transfer. Although Plaintiff disputes whether the original Note was produced to him personally, he has not created a genuine dispute of material fact as to whether such a transfer occurred. Defendant has produced copies of the Note and Allonge, including a color copy with blue-inked signatures, and Declarations from an employee and its counsel stating that it is in possession of the original documents and that the filed documents are true and correct copies. Although Plaintiff claims that Defendant is not the rightful holder of his mortgage, he does not allege who the rightful holder is.

Finally, the foregoing analysis also supports a finding that Plaintiff has not created a genuine dispute of material fact as to whether a contract exists between himself and Defendant, and a valid contract precludes a claim of unjust enrichment. Upon considering the record and the relevant law, the Court finds that Plaintiff has failed to create a genuine dispute of fact as to whether it is inequitable for Defendant to accept and retain his loan payments. The Court therefore **GRANTS** summary judgment as to Plaintiff's unjust enrichment claim in favor of Defendant.

C. *Fraud*

Finally, Plaintiff's Amended Complaint alleges that Defendant falsely and fraudulently tricked Plaintiff into entering into the mortgage loan. (Doc. No. 30 at 3.) Defendant argues that Plaintiff's fraud claim is subject to dismissal under Rule 12(b)(6), as the Amended Complaint

"contains only bald assertions" as to BAC's alleged fraudulent activity that induced Plaintiff's payments. (Doc. No. 100 at 12.) Magistrate Judge Brown recommended that Plaintiff's fraud claim be dismissed because no reasonably jury could believe Plaintiff's allegations in light of evidence that Plaintiff signed and initialed the Note, admitted the existence of the contract, and occupied the property. (Doc. No. 6.)

A Tennessee common law fraud claim has four basic elements: (1) the existence of an intentional misrepresentation of a material fact; (2) knowledge that the representation was false or reckless disregard for its truth; (3) the plaintiff reasonably relied on the misrepresentation and suffered damage; and (4) the misrepresentation relates to an existing or past fact. *Murvin v. Cofer*, 968 S.W.2d 304, 310 (Tenn. Ct. App. 1997). To state a claim for fraud, the Sixth Circuit requires that a plaintiff allege "the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993).

The Court disagrees that Plaintiff's Amended Complaint fails to state a claim of fraud upon which relief can be granted and is therefore subject to dismissal under Rule 12(b)(6). "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Plaintiff's fraud claim appears last in the Amended Complaint and incorporates by reference all of the Complaint's previous allegations. (Doc. No. 30 ¶ 14.) The Amended Complaint alleges that on or about December 20, 2007, in Nashville, Tennessee, Defendant misrepresented facts to Plaintiff (*id.* ¶ 12) and avers that the misrepresentation was committed at the time of execution of the Note (*id.* ¶ 6). Later, the Amended Complaint more specifically alleges that Defendant

17

represented to Plaintiff that it would provide a loan for the sum of $138,000 in order for Plaintiff to purchase a home, and that the representation was false and Defendant knew the falsity of the statement at the time it was made. (*Id.* ¶ 15.) Plaintiff alleges that he was injured by loss of use of the funds, loss of reputation, and an inability to compete in the market without the use of the funds. (*Id.* ¶ 17.) The Court finds that Plaintiff has sufficiently alleged a claim of fraud.

Plaintiff has not, however, created a genuine dispute of material fact as to his fraud claim. The Court has previously held that Plaintiff has not created a genuine dispute as to whether he received the proceeds of the mortgage loan, and in fact the evidence weighs against him, as he apparently took possession of the home and made mortgage payments to Defendant for a year. Further, Plaintiff has not provided any evidence that Countrywide, as Defendant's predecessor-in-interest, or any of its representatives actually made representations of material or existing fact to him at the time that he executed a Note with Just Mortgage, Inc. Accordingly, the Court **GRANTS** summary judgment as to Plaintiff's fraud claim in favor of Defendant.

## V. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report as modified herein and **GRANTS** Defendant's Motion for Summary Judgment. This case is hereby **DISMISSED**.

It is so ORDERED.

Entered this the 29th day of August, 2011.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT