IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT DONALDSON,<br><br>    Plaintiff,<br><br>v.<br><br>BAC HOME LOANS SERVICING, L.P.<br>and JOHN DOES 1-100,<br><br>    Defendants. | Case No. 3:09-cv-00619<br>Judge Nixon<br>Magistrate Judge Brown<br><br>JURY DEMAND |

### ORDER

On August 24, 2011, this Court entered summary judgment against Plaintiff Robert Donaldson on his claims for breach of contract, unjust enrichment and fraud, and dismissed this action. (Doc. No. 131.) Plaintiff filed a document entitled "Objections" to the Court's judgment on September 14, 2011 (Doc. No. 135), and filed a Notice of Appeal to the Sixth Circuit Court of Appeals two weeks later (Doc. No. 136). The Sixth Circuit has now characterized Plaintiff's objections as a request for reconsideration under Federal Rule of Civil Procedure 60(b)[1] and has remanded the case to this Court for consideration of Plaintiff's objections. (Doc. No. 147.) Defendant BAC Home Loans Servicing, L.P. ("BAC") subsequently filed a Response to Plaintiff's request for reconsideration. (Doc. No. 151.) For the reasons discussed herein, Plaintiff's Motion is **DENIED**.

Rule 60(b) gives district courts discretion to relieve a party from a final judgment, order, or proceeding because of, *inter alia*:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
> . . . or

---

[1] Although Plaintiff's filing also refers to Federal Rules of Civil Procedure 46 and 72, those Rules are inapplicable to reconsideration of a final judgment by a district court, and the Court will therefore address Rule 60(b) only.

1

(6) any other reason that justifies relief.

The Court finds that Plaintiff has not asserted grounds for relief under the applicable provisions of Rule 60(b). Plaintiff does not present any additional evidence in his Objections that was not before the Court at the time of summary judgment and that could not have been discovered before that time. Nor does Plaintiff argue that summary judgment against him was a result of mistake, inadvertence, surprise, or excusable neglect on his part. The introduction to Plaintiff's filing indicates that his objections are based on provision (3) of Rule 60(b) for fraud, misrepresentation, or misconduct by an opposing party. (Doc. No. 135 at 1.) However, Plaintiff does not argue that BAC committed any fraud, misrepresentation, or misconduct during the proceedings before this Court. Plaintiff instead continuously reasserts the alleged fraudulent conduct that gave rise to his claims in the first instance. Relief under Rule 60(b)(3) "requires the moving party to 'show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding in question.'" *Schneider v. Molony*, 418 F. App'x 392, 399 (6th Cir. 2011) (quoting *Info-Hold Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 455 (6th Cir. 2008)). Plaintiff has failed to do so.

Among the allegations that Plaintiff reasserts is that no funds were provided to him in exchange for the execution of the Note securing his mortgage loan. Plaintiff argues that both Magistrate Judge Brown and this Court erred in discounting this alleged fact on the grounds that Plaintiff could not have purchased the underlying property without the funds. (Doc. No. 135 at 5.) Plaintiff asserts that the Court's finding is irrelevant because the transaction in question was for refinancing, not an initial mortgage. (*Id.*) To the extent that the Court may have made such an error, it was not dispositive of summary judgment on Plaintiff's claims. Rather, the Court determined that Plaintiff had failed to create a genuine dispute regarding this fact. This issue was asserted and argued in the briefs before the Court at the time of summary judgment, and the Court therefore finds no grounds to afford Plaintiff relief under Rule 60(b) because of this purported error.

Throughout his filing, Plaintiff also objects that the Court did not consider claims under various federal laws. Plaintiff raised several federal claims in his original Complaint, but later omitted those claims from his Amended Complaint. The Court recognizes that Plaintiff moved to further amend his Complaint (Doc. No. 97), but that request was denied by Magistrate Judge Brown (Doc. No. 102), and Plaintiff did not appeal to this Court for review of that decision. The federal claims were therefore not at issue at the time of summary judgment and cannot now form a basis for relief under Rule 60(b).

Because Plaintiff has not adequately raised grounds for relief under the provisions of Rule 60(b), the Court hereby **DENIES** his request for reconsideration and **AFFIRMS** its summary judgment ruling in favor of BAC.

It is so ORDERED.

Entered this 2nd day of March, 2012.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT